UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06467-SVW-SK | Date | May 24, 2018 |
|---|---|---|---|
| Title | Yi v. BMW of North America, LLC | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** ORDER GRANTING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S EXPERT WITNESS DANIEL CALEF [56]

### I. INTRODUCTION

On May 5, 2018, Defendant filed a Motion *in Limine* to exclude Plaintiff's expert Daniel Calef from testifying at trial. Dkt. 56. In its briefing, Defendant urged the Court to exclude Calef on two grounds: (1) because his expert report fell short of the minimum requirements of Federal Rule of Civil Procedure 26 and (2) because his expert report was insufficient under Federal Rule of Evidence 702. *Id.* For the reasons Defendant argues as well as on timeliness grounds, the Court **GRANTED** Defendant's Motion *in Limine* and excluded Mr. Calef's testimony at a hearing on May 10, 2018. Dkt. 77. This Order sets forth the Court's reasoning.

### II. DISCUSSION

**a. Federal Rule of Civil Procedure 26(a)(2)(B)**

The Court finds that Plaintiff's expert's report falls short of the minimum requirements of Rule 26(a)(2)(B). Rule 26(a)(2)(B) requires parties to disclose the identity of potential expert witnesses accompanied by a written report, "prepared and signed by the witness," which must contain: "*a complete statement* of all opinions the witness will express *and the basis and reasons for them.*" Fed. R. Civ. P. 26(a)(2)(B) (emphasis added). "In other words, expert reports must include how and why the expert reached a particular result, not merely the expert's conclusory opinions because an expert who supplies only an ultimate conclusion with no analysis supplies nothing of value to the judicial process." *Sempra Energy v. Marsh USA, Inc.*, 2008 WL 11335050, at *7 (C.D. Cal. Oct. 15, 2008) (citations and quotations omitted). "The central purposes of the expert disclosure requirements in Rule 26(a)(2) are to permit the opposing party to prepare rebuttal reports, to prepare for depositions and cross-examinations at trial, and

:
_____
Initials of Preparer
_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06467-SVW-SK | Date | May 24, 2018 |
|---|---|---|---|
| Title | *Yi v. BMW of North America, LLC* | | |

to prevent unfair surprise at trial." *Id.* To serve these purposes, expert reports must be detailed and complete, not vague. *Id.* A party whose expert fails to comply with the requirements of Rule 26 may be subject to the evidentiary sanction of exclusion of the witness and his testimony, provided the failure to comply was not "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).

      Mr. Calef's report consisted of a list of conclusions without detailing "the basis and reasons for them," as required by Rule 26(a)(2)(B). One example of the inadequacy of Mr. Calef's report is found at paragraph 12 of the report. Mr. Calef alleges, "The following problems still exist and have not been repaired: Defects causing excessive oil consumption[,] oil leaks[,] and others to be determined in ongoing discovery." Dkt. 56, Ex. 1. Mr. Calef's "basis and reasons" for this opinion are that, "None of the repair orders or invoices state that the problem was successfully repaired. None of the repairs that were performed would have repaired the problem." *Id.* Mr. Calef's purported "basis and reasons" raise more questions than they answer. For instance, do repair orders normally state that "the problem was successfully repaired" or do they simply state what the technician did to repair the vehicle? Why would none of the repairs performed have solved the problem? How did Mr. Calef reach this conclusion? Mr. Calef's purported basis for this opinion consists of mere conclusions, and falls short of the requirements of Rule 26(a)(2)(B).

      Mr. Calef's opinion at paragraph 14 provides another example of the insufficiency of his report. Dkt. 56, Ex. 1. In paragraph 14, Mr. Calef states, "Each of the unrepaired problems was covered by Defendant's warranty." *Id.* His "basis" for this conclusion is, "I see no reason to believe that [Plaintiff] has tampered with the vehicle. No dealer ever accused Plaintiff of tampering." Here, Mr. Calef fails to explain why tampering is relevant to whether defects would be covered under the warranty. Setting aside the inadequacy of what Mr. Calef did say, the Court notes the absence of information that would actually support the conclusion in paragraph. For instance, Mr. Calef could have supported his conclusion by noting what the warranty covered and explaining why it covered the repairs made. He did not do so.

      As a final example, in support of his opinion that "[Plaintiff] gave the Defendant a reasonable number of attempts to repair the problems," Mr. Calef stated, "Had the Defendant's dealerships used proper diagnostic procedures, they would either have repaired all these defects during the first repair attempt or have declared that the vehicle was irreparable." Dkt. 56, Ex. 1. Mr. Calef's explanation here fails to provide a sufficient basis for the proffered opinion. He does not explain what diagnostic procedures Defendant's dealerships used, why he viewed those procedures as inadequate, nor why "proper" procedures would have revealed alleged defects. Mr. Calef's "reason" is nothing more than a conclusion without facts or data to support it. In sum, Mr. Calef's report fails to provide bases and reasons for the report that would allow Defendant to prepare to depose him or to cross-examine him at trial. Fed. R. Civ. P. 26(a)(2)(B); *Sempra Energy*, 2008 WL 11335050, at *7.

      Plaintiff's failure to comply with Rule 26(a)(2)(B) was not "substantially justified or harmless;" therefore, the Court excludes Mr. Calef. Fed. R. Civ. P. 37(c)(1). Plaintiff provided no justification for its

                                                                                                 :

Initials of Preparer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06467-SVW-SK | Date | May 24, 2018 |
|---|---|---|---|
| Title | *Yi v. BMW of North America, LLC* | | |

provision of an expert report containing a mere list of conclusions without adequate bases or reasons. Moreover, Plaintiff designated Mr. Calef on May 3, 2018, a mere 12 days before trial was set to begin. Dkt. 56, Ex. 1. The inadequacy of Mr. Calef's report, coupled with its tardiness was not harmless to Defendant. Mr. Calef provided insufficient bases for his opinions for Defendant to prepare for deposition or trial and Plaintiff provided Defendant with insufficient time to prepare to rebut Mr. Calef's testimony by providing the report to Defendant so late. Accordingly, the Court applies the evidentiary sanction of exclusion of Mr. Calef's testimony. Fed. R. Civ. P. 37(c)(1).

    **b.   Federal Rule of Civil Procedure 26(a)(2)(D)**

Plaintiff disclosed its expert witness to Defendant on May 3, a mere 12 days before jury trial was set to begin. Dkt. 56, Marasco Decl. The Court concludes that Plaintiff's late disclosure warrants the evidentiary sanction of exclusion, for the reasons stated in this Court's Order excluding Defendant's expert. Fed. R. Civ. P. 26(a)(2)(D); Fed. R. Civ. P. 37(c)(1).

    **c.   Federal Rule of Evidence 702**

Largely for the same reasons set forth in the previous paragraphs of this Order, the Court finds that Plaintiff's expert's report fell short of the requirements of Federal Rule of Evidence 702. Rule 702 confers a gatekeeping role on federal courts to ensure that all expert testimony is relevant and reliable. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Rule 702 provides that: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert . . . may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. Courts addressing a motion to exclude expert testimony must "assess whether the reasoning or methodology underlying the testimony is valid and whether that reasoning or methodology properly can be applied to the facts in issue." *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 860 (9th Cir. 2014) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993)) (internal quotation marks omitted).

First, Plaintiff's expert's testimony is not "based upon sufficient facts or data" for the reasons set forth in the preceding section of this Order. Fed. R. Evid. 702. Secondly, Mr. Calef's report falls short of the requirements of Rule 702 by failing to explain what "reliable principles and methods," if any, he used to arrive at his conclusions. Mr. Calef provides little insight into the "reasoning or methodology" he used. Dkt. 56, Ex. 1. Mr. Calef states that he inspected Plaintiff's car, but for example, in opining about whether defects still exist, Mr. Calef relies only on the repair orders, and does not explain how, if at all, his inspection of the vehicle informed his conclusion that the defects still existed. *Id.* The Court's role as a gatekeeper with respect to expert testimony provides a second basis for the exclusion of Mr. Calef. Fed R. Evid. 702.

                                                                                                                      :

Initials of Preparer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06467-SVW-SK | Date | May 24, 2018 |
|---|---|---|---|
| Title | *Yi v. BMW of North America, LLC* | | |

### III.   CONCLUSION

The foregoing reasons explain why the Court **GRANTED** Defendant's Motion *in Limine* excluding Plaintiff's expert witness from testifying at trial.

Initials of Preparer